UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BRANDON DESMOND MEDFORD,<br>Petitioner,<br><br>v.<br><br>WARDEN J. C. HOLLAND,<br>Respondent. | Civil No. 6: 13-251-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Proceeding without an attorney, on August 19, 2013, Brandon Desmond Medford filed a "Motion to Correct and Clarify Imposed Sentence" in the Northern District of Texas, the court where he pled guilty to bank robbery in 2009 in *United States v. Medford*, No. 3:08-CR-95-B-1 (N.D. Tex. 2008). In his motion, Medford sought prior custody credits from August 28, 2009, when he was arraigned on federal charges, to November 25, 2012, when he was transferred from state prison to federal custody to begin service of his federal sentence. [R. 3]

Because Medford's motion challenged the Bureau of Prisons' ("BOP") calculation of his sentence, that court construed his motion as seeking habeas relief under 28 U.S.C. § 2241. Since Medford was confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky, when he filed his petition, the court transferred the petition to this district. [R. 11] The warden has filed his response to the petition. [R. 19] Medford did not file a reply in further support of the petition within the time permitted, and this matter is therefore ripe for decision.

**I**

On March 25, 2008, Medford robbed a First Convenience Bank in Dallas, Texas. Shortly thereafter, state authorities charged Medford with Robbery in Case No. F-0840617. On April 9,

2008, federal authorities charged Medford with bank robbery in violation of 18 U.S.C. § 2113(a). Medford was arrested by Dallas police on April 22, 2008. [R. 19, p. 2]

On July 11, 2008, Medford was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* for an initial appearance on the federal charge, and was returned to state custody two weeks later. [R. 19-5, pp. 2-3] Medford stayed in state custody on several misdemeanor drug charges until he was released on January 29, 2009. Medford was not in state or federal custody between January 29, 2009, and June 18, 2009. [R. 19-4, R. 19-13]

Medford returned to state custody on June 18, 2009. On July 2, 2009, Medford pled guilty to both the bank robbery and to a drug offense he had previously committed, and was sentenced to two concurrent 5-year terms of imprisonment, in Case Nos. F-0840617 and F-0725575. The state judgments awarded prior custody credits against his state sentences for time spent in Texas custody from November 5, 2007 to November 12, 2007; from April 22, 2008 to December 8, 2008; and from June 18, 2009 to July 2, 2009. [R. 19-7]

On August 28, 2009, Medford was arraigned on the federal charge, again pursuant to a federal writ. Medford pled guilty to the charge on November 11, 2009, and on March 11, 2010, he was sentenced to an 84-month term of incarceration. *United States v. Medford*, No. 3:08-CR-95-B-1 (N.D. Tex. 2008). Because the federal judgment was silent on the matter, the BOP ran this term consecutively to his Texas sentence pursuant to 18 U.S.C. § 3584(a). [R. 19-1, p. 4]

On May 14, 2010, Medford was returned to state custody to resume service of his state sentences. [R. 19-5, pp. 2-3] On November 21, 2012, Medford completed service of his state sentences, and began his Texas parole term. [R. 19-9, pp. 2-3] He was transferred to federal custody to begin service of his federal term at this time.

BOP officials commenced Medford's federal sentence on November 21, 2012. The BOP has awarded him prior custody credits from December 9, 2008, to January 12, 2009, because state officials had not credited this time against his state sentence. At one point, the BOP had also given Medford prior custody credit from January 30, 2009, to June 17, 2009, [R. 19-2, pp. 2-3], but it was later learned that Medford was not in custody at all during this period, and credit for this time was accordingly rescinded. [R. 19-1, p. 6] Accounting for all good conduct time Medford may earn during his incarceration, his projected release date is November 21, 2018. [R. 19-13, p. 4]

In July 2013, Medford filed an inmate grievance seeking retroactive designation of his state prison as the place for service of his federal sentence pursuant to *Barden v. Keohane*, 921 F.2d 472 (3d Cir. 1990). When that request was denied, Medford alternatively sought prior custody credits under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). The BOP denied these requests because, through operation of law, Medford's federal sentence ran consecutively to his prior state sentence. [R. 19-3] Through his present request for relief, Medford seeks prior custody credits for August 28, 2009, through December 25, 2012, pursuant to *Willis*. [R. 3, p. 2]

## II

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28.

Pursuant to § 3585(a), Medford's sentence commenced when he was received into federal custody to begin service of it on November 21, 2012. Because he seeks sentencing credit for a time period before this date, its availability is governed by Section 3585(b). That section, however, permits federal credit for a time period only if it "has not been credited against another sentence." Here, Medford concedes that a straightforward application of § 3585(b) prevents him from receiving credit against his federal sentence for time spent in state prison between August 28, 2009, and November 21, 2012, as he was in exclusive state custody during the entirety of this period serving his two concurrent five-year sentences robbery and drug possession in Case Nos. F-0840617 and F-0725575. Because Texas credited the entirety of this time period against his state sentence, the literal terms of Section 3585(b) preclude Medford from receiving "double credit" for this time. *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003).

Instead, Medford seeks prior custody credit for all time spent in state custody commencing from the date of his federal arraignment on August 28, 2009 under the authority of *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Notwithstanding the express terms of § 3585(b), by administrative regulation the BOP does permit "*Willis* time credits," an exception to the prohibition against "double counting," in one circumstance. Where a prisoner is subject to a federal sentence and a state sentence which are running concurrently, and the full term of the

federal sentence will conclude after the full term of the state sentence, the BOP will credit the prisoner's sentence with any time spent in state presentence custody that began after the federal offense was committed, up until the prisoner began service of either the federal or state sentence. Program Statement 5880.28; *Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993). In *Willis*, the Fifth Circuit explained that unless such credit is awarded, the prisoner will not receive credit for time spent in state custody because of the longer federal sentence. *Id*. at 925.

*Willis* does not assist Medford for two reasons. First, Medford's federal and state sentences were run consecutively, not concurrently. 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Because the March 11, 2010, judgment and commitment order entered by the Northern District of Texas was silent on the matter, Section 3584(a) requires the BOP to treat the subsequently-imposed federal sentence as running consecutively to Medford's pre-existing Texas sentence. *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010); *United States v. Fifield*, 432 F.3d 1056, 1065-66 (9th Cir. 2005). *Willis* credits are simply not applicable where the state and federal sentences run consecutively to one another. *Cruz v. Wilson*, No. 6:09-CV-281-GFVT (E.D. Ky. April 1, 2011), *aff'd*, No. 11-5471 (6th Cir. April 26, 2012) ("Cruz does not fall within the exception enumerated in *Willis* because *Willis* time credits may only be awarded to prisoners whose federal and state sentences run concurrently, not consecutively as Cruz's do.").

Second, Medford seeks credit against his federal sentence from August 28, 2009, and November 21, 2012, time he spent in state custody *after* his state sentence was imposed on July 2, 2009. However, *Willis* credits are only available for time spent in state presentence custody *before* the state sentence is imposed. Program Statement 5880.28 Ch. 3(c)(1)(b); *Willis*, 438

F.2d at 425. Because Medford has received credit against his state sentence for this time, the concerns articulated in *Willis* are not present, and no further credit is warranted.

Section 3585(b) precludes prior custody credit for time Medford spent in the Texas prison system because this time was already credited against his Texas sentences, and because the circumstances of Medford's incarceration do not fit within the narrow exception established in *Willis*, no further custody credits are warranted. Medford's petition must therefore be denied.

Accordingly, **IT IS ORDERED** that:

1. Medford's construed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 3] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this Order.

3. This matter is **STRICKEN** from the active docket.

Dated November 24, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY